IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 08-00341-01-CR-W-NKL |
| ANTHONY L. MOLAND, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On October 16, 2009, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

### *I. BACKGROUND*

On December 3, 2008, an indictment was returned, charging Defendant with one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, one count of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), one count of possessing a firearm and ammunition in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A), and one count of criminal forfeiture pursuant to 21 U.S.C. §853. A change-of-plea hearing was held on October 16, 2009. Defendant was present, represented by retained counsel Pat Peters. The government was represented by Assistant United States Attorney Bruce Rhoades. The proceedings were recorded and a transcript of the hearing was filed on October 20, 2009.

## II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocations are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing

2

Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III.  FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2).

2. On December 3, 2008, an indictment was returned, charging Defendant with count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, one count of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A),one count of possessing a firearm and ammunition in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A), and one count of criminal forfeiture pursuant to 21 U.S.C. §853. The court read the charges against Defendant and Defendant indicated he understood the nature of the charges (Tr. at 3-5).

3. The statutory penalty on the conspiracy charge is not less than ten years but up to life

imprisonment, a fine of not more than $4,000,000, a supervised release term of not less than five years, and a $100 mandatory special assessment fee (Tr. at 5). The statutory penalty on the distribution charge is not less than ten years but up to life imprisonment, a fine of not more than $4,000,000, a supervised release term of not less than five years, and a $100 mandatory special assessment fee (Tr. at 5). The statutory penalty on the firearm charge is not less than five years imprisonment, a fine of not more than $250,000, a supervised release term of not more than three years, and a $100 mandatory special assessment fee (Tr. at 5). Defendant was informed of the penalty ranges and indicated that he understood (Tr. at 5-6).

4. Defendant was advised of the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 6);

    b. That he has the right to assistance of counsel throughout the trial (Tr. at 6);

    c. That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 7);

    d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 7);

    e. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 7-8);

    f. That Defendant has the right to subpoena witnesses to testify on his

behalf (Tr. at 8); and

       g.     That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 9).

5.     Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 9).

6.     Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 9-10). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 10). Defendant stated that he understood (Tr. at 10).

7.     There has been open file discovery in this case (Tr. at 10).

8.     Defense counsel stated that he had reviewed the government's file and confirmed from his own independent investigation that it was wise for his client to plead guilty (Tr. at 10).

9.     If this case were to go to trial the government's evidence against Defendant would be that there were a series of drug transactions conducted with Defendant in 2008 (Tr. at 10). Crack cocaine was purchased from Defendant on multiple occasions in the spring of 2008 (Tr. at 10-11). Following several buys, a search warrant was executed on Defendant's residence and storage unit (Tr. at 11). Law enforcement recovered firearms and other items indicative of drug trafficking (Tr. at 11). The evidence would also show that Defendant and co-defendant Lee conspired with each other and others to distribute crack cocaine and powder cocaine in excess of 50 grams (Tr. at 11). On at least one occasion, Defendant was armed with a firearm in furtherance of those drug-trafficking activities (Tr. at 11). The Government would also present evidence to show that the items listed in the criminal forfeiture count were either obtained through proceeds or were used to facilitate

5

the drug-trafficking activities (Tr. at 11). All of the acts described occurred during the dates charged in the Indictment and were at least partially transacted within the Western District of Missouri (Tr. at 11-12). The firearms and ammunition had traveled in interstate commerce (Tr. at 12).

10. Defendant was placed under oath (Tr. at 12). With regard to Count I, Defendant admitted that he was within the Western District of Missouri between January 1, 1999 and December 1, 2008 (Tr. at 12). During this time, he had a relationship with co-defendant Lee (Tr. at 12-13). Defendant and co-defendant Lee and others had an agreement that they would distribute 50 grams or more of crack cocaine (Tr. at 13). Defendant knowingly and intentionally entered the agreement even though he knew that it was a violation of the law (Tr. at 13).

With regard to Count II, Defendant admitted that he was within the Western District of Missouri on April 28, 2008 (Tr. at 13). On that date, he distributed more than 50 grams of crack cocaine (Tr. at 13-14). Defendant did so intentionally even though he knew it was illegal (Tr. at 14).

With regard to Count III, Defendant admitted that he possessed firearms and ammunition in furtherance on the drug-trafficking activity charged in Counts I and II of the Indictment (Tr. at 14-17). He possessed the firearms and ammunition to protect himself and whatever drugs he had (Tr. at 14). Defendant possessed the firearms and ammunition intentionally and knowingly (Tr. at 17).

11. Defendant indicated that he understood the plea agreement he had with the government (Tr. at 18-21). As part of the agreement, Defendant agreed to plead guilty to Counts I, II and III of the Indictment.

12. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 22).

13. Defendant is satisfied with the representation he has received from his attorney (Tr. at 22). There is nothing he has done that Defendant did not want him to do, and there is nothing Defendant wanted him to do that he has not done (Tr. at 22).

14. Defendant is twenty-nine years old and has a GED (Tr. at 22). He does not have any difficulty reading or understanding English (Tr. at 22). Defendant did not have any physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty to this charge (Tr. at 22-23). He was not under the influence of drugs or anything else that would cloud his ability to intelligently waive his right to a jury trial (Tr. at 23).

15. Defendant tendered a plea of guilty to Counts I, II and II of the Indictment (Tr. at 23). He also conceded forfeiture (Tr. at 23).

## V. ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for conspiracy to distribute controlled substances include: (1) there was an agreement to distribute the controlled substance; (2) the defendant knew of the agreement; and (3) the defendant intentionally joined the conspiracy. United States v. Savatdy, 452 F.3d 974, 977 (8th Cir. 2006); United States v. Shoffner, 71 F.3d 1429, 1433 (8th Cir. 1995).

The elements necessary to sustain a conviction for distribution of cocaine base include: (1) the defendant distributed cocaine base; and (2) the defendant did so knowingly and intentionally. United States v. Vesey, 395 F.3d 861, 863 (8th Cir. 2005), citing United States v. Johnson, 934 F.2d 936, 939 n.5 (8th Cir. 1991).

The elements for possession of firearms and ammunition in furtherance of a drug trafficking crime include: (1) the defendant committed a drug trafficking crime; and (2) the defendant possessed

7

a firearm and ammunition in furtherance of that crime. See United States Saddler, 538 F.3d 879, 888 (8th Cir. 2008).

## *V. CONCLUSION*

Based on the above, I make the following conclusions:

1.	The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2.	Defendant has consented to having his plea taken by a magistrate judge.

3.	Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of Counts I, II and III of the Indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of Counts I, II and III of the Indictment.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
October 26, 2009